# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION | ) MDL No. 1:19md2915 (AJT/JFA)<br>)<br>) JURY TRIAL DEMANDED |

**This Document Relates to the Consumer Cases**

## PRELIMINARY APPROVAL ORDER

**WHEREAS**, the Settling Parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") entered into by the Parties as of January 31, 2022 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement;

**WHEREAS**, all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement;

**WHEREAS**, the Parties have extensively litigated this matter through fact and expert discovery and have briefed and argued many issues of fact and law relating to the matters alleged in the Action;

**WHEREAS**, the Parties reached a settlement as a result of extensive arm's-length negotiations between the Parties and their counsel, occurring over the course of many months and overseen by United States District Judge Leonie M. Brinkema; and

**WHEREAS**, the Court has carefully reviewed the Settlement Agreement, including the

exhibits attached thereto and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record;

**IT IS HEREBY ORDERED** that:

The Settlement Agreement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a Final Approval Hearing on the Settlement as provided herein.

1. <u>Stay of the Action</u>. Pending the Final Approval Hearing, all proceedings in the consumer cases, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

2. <u>Directive to Issue Notice to Settlement Class</u>. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

The Court finds that the Settlement Class Representatives and Class Counsel have adequately represented the Settlement Class. The Court further finds that the Settlement was negotiated at arm's length by informed and experienced counsel, who were overseen by a federal judge acting as mediator. The relief provided to the Settlement Class under the Settlement is adequate. There would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. The method proposed for distributing relief to the Settlement Class and processing claims is adequate and effective. The proposed award of Attorneys' Fees and Expenses, including the timing of such payment, is reasonable, subject to the Court's review of a timely filed fee application. The Court further finds that the Settlement is adequate in light of the separately

filed agreement providing a right to Capital One to terminate the Settlement Agreement if a significant number of Settlement Class Members opt-out of the Settlement. Finally, the Court finds that the proposed Settlement treats Settlement Class Members equitably relative to each other.

For these reasons, the Court concludes and determines that it will likely be able to certify the proposed Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as it finds that: (a) the Settlement Class certified herein numbers approximately 98 million people, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class.

3. <u>Class Definition</u>. The Court hereby certifies, for settlement purposes only, a class consisting of: "the approximately 98 million U.S. residents identified by Capital One whose information was compromised in the Data Breach that Capital One announced on July 29, 2019, as reflected in the Class List. Excluded from the Settlement Class are (i) Capital One, any entity in which Capital One has a controlling interest, and Capital One's officers, directors, legal representatives, Successors, Subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement Class."

4. <u>Settlement Class Representatives</u>. For purposes of the Settlement only, the Court

finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that plaintiffs Brandon Hausauer, Carolyn Tada, Emily Behar, Gary Zielicke, Emily Gershen, Brandi Edmondson, John Spacek, and Sara Sharp ("Settlement Class Representatives") will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them as Settlement Class Representatives. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and are therefore typical of the Settlement Class, and that they will be adequate class representatives.

5. Article III Standing. The Court has an initial obligation to assure itself of the plaintiffs' "standing under Article III," which "extends to court approval of proposed class action settlements." *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (per curiam). The Court does not have the power "to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing." *Id.* "On the other hand, only one named plaintiff must have standing as to any particular claim in order for it to advance." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1261 (11th Cir. 2021), *cert. denied sub nom. Huang v. Spector*, 142 S. Ct. 431 (2021), *and cert. denied sub nom. Watkins v. Spector*, No. 21-638, 2022 WL 89334 (U.S. Jan. 10, 2022). The Court need not determine whether absent Settlement Class Members have standing to have jurisdiction to approve the Settlement. *J.D. v. Azar*, 925 F.3d 1291, 1324 (D.C. Cir. 2019); *see also Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 620 (4th Cir. 2018) (In a class action, "we analyze standing based on the allegations of personal injury made by the named plaintiffs.") (internal quotation marks omitted). Thus, to assure itself of its jurisdiction to approve the Settlement, the Court must find that at least one Settlement Class Representative has "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision." *Hutton*, 892 F.3d at 619.

The Court concludes that it has jurisdiction because the Settlement Class Representatives have established standing to sue. As just one example, Settlement Class Representative Gary Zielicke has presented evidence from which a reasonable factfinder could find that he suffered fraud using his personal information stolen in the Data Breach. *See* Doc. 1807 at Appendix 1 (summarizing evidence for Mr. Zielicke and other Settlement Class Representatives). Fraud resulting from a data breach is an injury in fact that is traceable to the breached defendant and is redressable by a federal court. *See Hutton*, 892 F.3d at 622-24. Mr. Zielicke also incurred costs to mitigate the fraud and prevent additional fraud (*see* Doc. 1807 at Ex. BB), which also provides standing. *Hutton*, 892 F.3d at 622; *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("If a defendant has caused . . . monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III.").

In addition, Capital One has stipulated that its Privacy Notice contains one or more express contractual provisions covering Capital One's obligations with respect to safeguarding personal information. *See* Doc. 1098. The Settlement Class Representatives have presented evidence from which a reasonable factfinder could conclude that Capital One breached one or more of these contractual obligations related to data security as to all Settlement Class Members, resulting in the theft of their and every Settlement Class Member's personal information in the Data Breach. *See* Doc. 1649. Further, Settlement Class Representatives have presented evidence supporting their alternative claim that Capital One breached an implied contract with Settlement Class Representatives and Settlement Class Members to provide reasonable data security. *Id.* Either is likewise sufficient to provide standing to the Settlement Class Representatives and thus to invoke the Court's subject matter jurisdiction to approve the Settlement. *See L-3 Commc'ns Corp. v.*

*Serco, Inc.*, 673 F. App'x 284, 289 (4th Cir. 2016) ("[B]y alleg[ing] the existence of a contract, express or implied, and a concomitant breach of that contract, [the plaintiff's] complaint adequately show[ed] an injury to her rights for purposes of standing.") (citation and quotations omitted); *see also id.* ("[W]hether a plaintiff ultimately recovers the damages he seeks is a question better left to the applicable substantive law rather than a standing inquiry under Article III.") (citation and quotations omitted).

6. <u>Class Counsel</u>. For purposes of the Settlement, the Court appoints Norman E. Siegel of Stueve Siegel Hanson LLP, Karen Hanson Riebel of Lockridge Grindal Nauen, P.L.L.P., and John A. Yanchunis of Morgan & Morgan Complex Litigation Group as Class Counsel to act on behalf of the Settlement Class Representatives and the Settlement Class with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

7. <u>Notice Provider and Settlement Administrator</u>. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator to administer the Notice Plan and the processing of claims. The Court directs that the Settlement Administrator effectuate the Settlement Agreement in coordination with Class Counsel, subject to the jurisdiction and oversight of this Court.

8. <u>CAFA Notice</u>. Within 10 days after the filing of the Motion for Preliminary Approval, Capital One shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

9. <u>Notice Plan</u>. The Notice Plan submitted with the Motion for Preliminary Approval

and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are thus approved. Non-material modifications to the notices may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

10. <u>Provider of Monitoring and Restoration Services</u>. The Court appoints Intersections, LLC d/b/a Pango ("Pango") as the provider of monitoring and restoration services to eligible Settlement Class Members as set forth in the Consumer Settlement Benefits Plan. The Court directs that Pango effectuate the Settlement Agreement in coordination with Class Counsel and the Settlement Administrator, subject to the jurisdiction and oversight of this Court.

11. <u>Consumer Settlement Benefits Plan</u>. The Court has reviewed and considered the

Consumer Settlement Benefits Plan proposed by Class Counsel and finds that it is fair and reasonable and equitably distributes Settlement benefits amongst Settlement Class Members. The Court directs Class Counsel, the Settlement Administrator, and Pango to implement the Consumer Settlement Benefits Plan in accordance with its own terms, the Settlement Agreement, and the Court's orders.

12. <u>Deadline to Submit Claim Forms</u>. As set forth in the Consumer Settlement Benefits Plan, Settlement Class Members will have until Monday, August 22, 2022 to submit their Claim Forms ("Claims Deadline"), which is due, adequate, and sufficient time.

13. <u>Exclusion from Settlement Class</u>. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class and be personally signed by that person. To be effective, the written notice must be postmarked no later than Thursday, July 7, 2022. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and Judgment.

14. <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of The Honorable Anthony J. Trenga, United States District Court for the Eastern District of Virginia,

Albert V. Bryan United States Courthouse, Room 700, 401 Courthouse Square, Alexandria, Virginia 22314 at 10:00 a.m. on August 19, 2022 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for service awards for the Settlement Class Representatives and the other Settlement Class Members who were deposed in the Action ("Service Awards") and an award of attorneys' fees and litigation expenses ("Attorneys' Fees and Expenses"); and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

15. <u>Objections and Appearances</u>. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel. Any Settlement Class Member who wishes to object to the Settlement, the Settlement benefits, Service Awards, and/or the Attorneys' Fees and Expenses, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the Settlement benefits should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses should not be granted, may do so, but must proceed as set forth in this paragraph. No Settlement Class Member will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider on or before Thursday, July 7, 2022.

Any objection must include: (i) the case name and number of the Action; (ii) the name, address, telephone number of the objecting Settlement Class Member, and if represented by counsel, of his/her counsel; (iii) a statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (iv) a statement of the specific grounds for the objection; and (v) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means. With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel.

16.     <u>Claimants</u>. Settlement Class Members who submit on or before Monday, August 22, 2022 a valid Claim Form approved by the Settlement Administrator may qualify to receive Settlement benefits. Any such Settlement Class Member who does not submit a timely Claim Form in accordance with this Order shall not be entitled to receive such benefits, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, all

Settlement Class Members, even those who do not enroll in Identity Defense Services or do not submit a claim, will be entitled to utilize identity Restoration Services offered through Pango throughout the duration of that service. Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as processing does not materially delay distribution of compensation to Settlement Class Members. No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

17. <u>Release</u>. Upon the entry of the Court's Final Approval Order and Judgment after the Final Approval Hearing, the Settlement Class Representatives and all Settlement Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims (except through the Claim Form procedures) against Defendants and the Released Parties arising from the Released Claims, and the Settlement Class Representatives and all Settlement Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

18. <u>Final Approval Briefing</u>. All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement benefits must be filed and served on or before Tuesday, August 9, 2022. All briefing and supporting documents in support of an application for Attorneys' Fees and Expenses and Service Awards must be filed on or before Thursday, June 16, 2022.

19. <u>Reasonable Procedures</u>. Class Counsel and Capital One's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of

11

the notices, and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Parties' Settlement Agreement.

20. <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement website (www.capitalonesettlement.com) regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

21. <u>If Effective Date Does Not Occur</u>. In the event that the Effective Date does not occur, certification shall be automatically vacated and this order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

22. In sum, the Court enters the following deadlines:

| ACTION | DATE |
|---|---|
| Capital One Provides Class List | On or before Wednesday, March 9, 2022. |
| Notice Date | Monday, May 23, 2022. |
| Proof of Notice Submitted | On or before Tuesday, August 9, 2022. |
| Motion for Attorneys' Fees and Expenses, and Service Awards | On or before Thursday, June 16, 2022 |
| Exclusion / Opt-Out Deadline | Thursday, July 7, 2022. |

| Objection Deadline | Thursday, July 7, 2022 |
|---|---|
| Final Approval Brief and Response to Objections Due | On or before Tuesday, August 9, 2022 |
| Final Approval Hearing | Friday, August 19, 2022 at 10:00 a.m. |
| Deadline to Submit Claims | Monday, August 22, 2022. |

**IT IS SO ORDERED:**

Date: February 7, 2022

/s/ Anthony J. Trenga
United States District Judge